## MUNICIPAL CORPORATIONS—OFFICE AND OFFICERS—STATUTES.

[Franklin (2nd.) Circuit Court, October 12, 1909.]

Sullivan, Dustin and Allread, JJ.

*STATE EX REL. SAMUEL C. SLAYBAUGH ET AL. v. SYLVESTER C. NOBLE, AUD.

TENURE OF DIRECTOR OF PUBLIC SAFETY RUNS FROM AUGUST 1, 1909.

> Section 146 Munic. Code of 1902 as amended by act 99 O. L. 562, providing for the appointment of a director of public safety, takes effect August 1, 1909, as prescribed by the plain and unambiguous language of Sec. 3 of the amendatory act.

[Syllabus approved by the court.]

MANDAMUS.

H. M. Meyers and **Williams, Williams, Taylor & Nash,** for plaintiffs:

Cited and commented upon the following authorities: *Mack v. Brammer,* 28 Ohio St. 508; *Scovern v. State,* 6 Ohio St. 288; *Hurford v. Omaha City,* 4 Neb. 336; *Shellenberger v. Ransom,* 41 Neb. 631 [59 N. W. Rep. 935; 25 L. R. A. 564]; *Ives v. McNicoll,* 59 Ohio St. 402 [53 N. E. Rep. 60; 43 L. R. A. 772; 69 Am. St. Rep. 780]; *State v. Akins,* 10 Circ. Dec. 121 (18 R. 349).

**G. S. Marshall,** city solicitor, and **E. L. Weinland,** for defendant:

Cited and commented upon the following authorities: *People v. Butler,* 147 N. Y. 164 [41 N. E. Rep. 416]; *Shellenberger v. Ransom,* 41

---

*Affirmed, no op., *Noble v. State,* 81 O. S. 550.

Neb. 631 [59 N. W. Rep. 935; 25 L. R. A. 564]; *State* v. *McElroy*, 44 La. Ann. 796 [11 So. Rep. 133; 16 L. R. A. 278; 32 Am. St. Rep. 355]; *Rossmiller* v. *State*, 114 Wis. 169 [89 N. W. Rep. 839; 58 L. R. A. 93; 91 Am. St. Rep. 910]; *Detroit (Common Council)* v. *Rush*, 82 Mich. 532 [46 N. W. Rep. 791; 10 L. R. A. 171].

## SULLIVAN, J.

The petition of relators shows that they furnished for use of the fire department of the city of Columbus a quantity of oats, which was accepted by the city, and that a voucher therefor was approved by Foster C. Burdell, as director of the department of public safety of said city; that they presented said approved voucher to the respondent and demanded that he issue his warrant as city auditor on the treasury of said city for the amount of said approved voucher, which was refused by said respondent, and that he still refuses to issue the same. They, therefore, pray that they may have the order of this court requiring him to do so.

To this petition the respondent has demurred, and for his ground of demurrer states that the petition does not state facts sufficient to constitute a cause of action and to entitle the relators to the relief prayed for. Counsel for respondent in support of the demurrer contends that Foster C. Burdell was not at the time he approved said voucher, or at any time theretofore, or now is, the director of the department of public safety of said city, and therefore, was without authority to approve it, for the reason that his appointment to said position by the mayor of said city was without authority of law; that Sec. 146 of the Munic. Code of 1902 as amended April 29, 1908 (99 O. L. 562), by favor of which said appointment is claimed to have been made, does not take effect until January 1, 1910. Therefore, said appointment was premature and of no effect. Though Sec. 3 of said act, in language of plain import, provides that the several sections relating to the department of public safety, including Sec. 146, shall take effect and be in full force on and after August 1, 1909; but when the several sections of the act, including Sec. 146, are construed as a whole, observing the well established rules of statutory construction, it is claimed that the legislature did not intend what it said in plain language, but did intend that said section should not take effect until January 1, 1910. It is claimed first by respondent's counsel that this is apparent from the provisions of Sec. 154a.

This section provides for a board of control to be composed of the mayor, the director of public safety and the director of public

State v. Noble.

service, and as there cannot be an appointment made to the last department until January 1, 1910, because the board of public service, by favor of Sec. 3 of the act, remains in office and in charge of that department until said date, there can be no board of control until January 1, 1910.

The duty of this board is simply to determine whether the director of public safety and of the public service shall award contracts involving an expenditure of the public money in excess of $500. The mayor is *ex officio* president. A record of the board's proceedings is to be kept; all votes shall be by yeas and nays and entered of record, and a majority of all the members shall be necessary to adopt any question. The director of public safety voting with the director of public service would result in an approval of contracts to be entered into by the latter and *vice versa*. By Sec. 154 the director of public safety is positively forbidden from creating an obligation in his department against the city in excess of $500 without being first authorized and directed by ordinance of council, and in making contracts for such an expenditure, he is to be governed by the provisions of Sec. 143. This section relates to and has to do with the board of public service. By the provisions of the latter section the director of public service must first advertise for bids. When the expenditure has been authorized and directed by council, the director *shall* make a written contract with the lowest and *best bidder*. The contract shall be between the corporation and the bidder. It would seem from these sections that when the council authorized and directed the expenditure that the duty enjoined upon the director of public safety was imperative and the contract would have to be entered into in accordance with the provisions of Secs. 143 and 154. These sections are for the purpose of restraint upon the respective directors. When an expenditure exceeding $500 is suggested or said to be needed by either of the directors, the council has the authority to pass upon the wisdom and necessity of the same. Suppose the council should find the improvement, repair, etc., unwise, inexpedient or unnecessary, and decline to authorize and direct the same, the query suggests itself whether the board of control, two-thirds of which is composed of the directors, could still require the contract awarded and the expenditure made.

The matter proposed to be safeguarded by Sec. 154a we think finds ample and better protection in Secs. 143 and 154, and that the interests of the municipality would not suffer materially if the taking effect of Sec. 154a was not only delayed until January 1, 1910, but in-

definitely postponed. We think it more reasonable to assume that the legislature did not intend Sec. 154a to go into effect until January 1, 1910, than to say it did not intend by the plain language of Sec. 3, that Sec. 146 should take effect August 1, 1909. We are therefore of the opinion that respondent's contention is not supported by the provisions of Sec. 154a.

The second ground of respondent's contention is that if proper force is given Secs. 162 and 166, it is clear that the legislature intended to continue the present system of civil service in force until January 1, 1910; that Sec. 162 lends strong color to this conclusion and Sec. 166 puts it absolutely beyond doubt.

Section 162 provides in effect that chiefs and members of the police and fire departments shall be dismissed for the causes designated in Sec. 152, and the proceedings in such cases shall be as provided in 'the latter section, except the appeal shall be to the civil service commission. Dismissals under this section cannot be had until it goes into effect, which is January 1, 1910. When it does take effect that provision of Sec. 152, providing for appeals, would not apply to appeals, under Sec. 162, and yet Sec. 152, if counsel's contention were correct, would still be in force by virtue of Sec. 166, which provides that no officer, secretary, patrolman, fireman, etc., at the time Sec. 166 took effect except in accordance with the provisions of Sec. 152. Hence, there would be two tribunals to which appeals could be taken. That this was not intended as we think is clearly shown by Sec. 162, which provides that appeals in all cases of dismissals, etc., shall be to the civil service commission. We think, therefore, no reason can be found in these sections to support the contention of respondent's counsel. The apparent inconsistency between these sections furnishes no reason why effect should not be given other sections where the intent of the legislature is expressed in plain terms capable of literal interpretation.

The several amended sections creating the department of public safety, the appointment of a director to administer the department, defining his powers and duties, are sufficient within themselves to be capable of execution without reference to other sections of the act. The sections of the act repealing the old sections and fixing the date when the same shall take effect are in plain and unambiguous language and easy of interpretation, and if literally construed, the sections creating the board of public safety *et seq.*, were repealed and the repeal would take effect and be in force on and after August 1, 1909.

State v. Noble.

And as the single director is a substitute for the board, the latter went out of existence on the above date, and to hold, if the merit system is to continue during the interim, that no violence will be done to the language of Sec. 152, to hold that the appeal therein provided for can as well be taken to the director as it could to the board which went out of existence at the above date.

"If the language of a statute is plain and free from ambiguity, and expresses a single definite and sensible meaning, that meaning is conclusively presumed to be the meaning which the legislature intended to convey. In other words the statute must be interpreted literally." Black, Interp. of Laws, 35, 36, and cases cited.

Apply this rule in the interpretation of Secs. 2 and 3 of the act under consideration, and the conclusion is forced that the amended sections relative to the department of public safety went into force on August 1, 1909; that the board of public safety went out of existence at that date; and that the appointment of a director to that position on the date named was authorized; and the demurrer to the petition is overruled at defendant's costs.

**Dustin** and **Allread, JJ.,** concur.